EXHIBIT A

| | |
|---|---|
| **DISTRICT COURT, COUNTY OF DENVER, STATE OF COLORADO**<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED<br>May 5, 2026 4:00 PM<br>FILING ID: 32D1EA49FFC8C<br>CASE NUMBER: 2026CV31630<br>▲COURT USE ONLY▲ |
| Plaintiff:<br>**ARIEL RAE MICHAIAH HANSON**<br><br>v.<br><br>**DELANE D. YOUNG**, an individual;<br>**RASIER, LLC,** a Delaware limited liability company; and<br>**UBER TECHNOLOGIES, INC**., a Delaware corporation<br>Defendants | |
| **Attorney for Plaintiff:**<br>Daniel H. Kyser, Atty. Reg. No. 39221<br>*Law Office of Daniel H. Kyser, L.L.C.*<br>5950 South Willow Drive, Suite 250<br>Greenwood Village, CO 80111<br>Phone: (303) 831-6111<br>Email: dan@kyserlaw.com | **Case Number:**<br><br>**Division:** |

# COMPLAINT AND JURY DEMAND

**COMES NOW** the Plaintiff Ariel Rae Michaiah Hanson, by and through her attorney of record, Daniel H. Kyser of the Law Office of Daniel H. Kyser, L.L.C., and for her Complaint and Jury Demand against the above-captioned Defendants, hereby states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

**1.** Plaintiff Ariel Rae Michaiah Hanson ("Plaintiff Hanson") is presently a resident of the State of Minnesota, and at all times relevant to this Complaint was a resident of the City of Aurora, State of Colorado.

**2.** Upon information and belief, Defendant Delane D. Young ("Defendant Young") is a resident of the City of Boulder, County of Boulder, State of Colorado.

**3.** Defendant Rasier, LLC ("Defendant Rasier") is a Delaware limited liability company authorized to do business in the State of Colorado, with its principal place of business located at 1725 3rd Street, San Francisco, California 94158.

**4.** Defendant Uber Technologies, Inc. ("Defendant Uber") is a Delaware corporation authorized to do business in the State of Colorado, with its principal place of business located at 1725 3rd Street, San Francisco, California 94158.

**5.** Defendant Rasier is a transportation network company within the meaning of C.R.S. § 40-10.1-602(3), engaged in the business of providing on-demand prearranged transportation services through a digital network.

**6.** Defendant Uber is a transportation network company within the meaning of C.R.S. § 40-10.1-602(3), engaged in the business of providing on-demand prearranged transportation services through a digital network.

**7.** Upon information and belief, at all times relevant hereto, Defendant Rasier has been and is a wholly owned subsidiary of Defendant Uber.

**8.** At all times relevant hereto, Defendants Rasier and Uber have conducted, and continue to conduct, business in the State of Colorado, including the business of providing on-demand transportation services to the citizens and residents of Colorado.

**9.** Defendants Rasier and Uber have purposefully availed themselves of the jurisdiction of this Court by knowingly and purposefully operating and conducting business in the State of Colorado.

**10.** Jurisdiction is proper as to all Defendants pursuant to C.R.S. § 13-1-124.

**11.** Venue is proper in this Court pursuant to C.R.C.P. 98(c) because the tortious acts and omissions giving rise to this action occurred in the City and County of Denver, State of Colorado.

## GENERAL ALLEGATIONS

**12.** On May 26, 2023, at approximately 11:20 p.m., Plaintiff Hanson was a pedestrian crossing the intersection of 15th Street and Blake Street in the City and County of Denver, State of Colorado.

**13.** The intersection of 15th Street and Blake Street is located in Lower Downtown Denver, a well-known and heavily trafficked pedestrian area.

**14.** The intersection features marked crosswalks, pedestrian-activated crossing signals, and a pedestrian refuge island separating the through lanes of travel from two dedicated turn lanes.

**15.** At the time of the incident, the pedestrian crossing signal at the crosswalk used by Plaintiff Hanson was not functioning properly.

**16.** Because the pedestrian signal was not operating, Plaintiff Hanson observed the vehicular traffic signal governing the parallel direction of travel, which displayed a green indication; she observed no signal prohibiting her from crossing; she looked in both directions; she observed no oncoming traffic; and she lawfully entered and proceeded through the crosswalk.

**17.** Plaintiff Hanson safely crossed the first lane of travel and was approximately two-thirds of the way through the crosswalk when she was struck by Defendant Young's vehicle.

EXHIBIT A

**18.** At the time of the collision, Defendant Young was operating a silver 2016 Volkswagen bearing Colorado license plate APSL73, traveling westbound on 15th Street.

**19.** Upon information and belief, at the date and time of the collision, Defendant Young was logged into the Uber Driver application, was engaged on an active trip (commonly referred to as "Period 3" under C.R.S. § 40-10.1-605), was transporting a paying Uber passenger seated in the rear of his vehicle, and was acting as an employee, agent, apparent agent, ostensible agent, statutory employee, and/or independent contractor of Defendants Rasier and Uber and within the course and scope of that relationship.

**20.** Defendant Young failed to keep a proper lookout, failed to observe Plaintiff Hanson lawfully crossing in the crosswalk, and struck her with the front of his vehicle.

**21.** The force of the collision was such that Plaintiff Hanson was lifted off the ground and propelled onto the hood and windshield of Defendant Young's vehicle, causing her ribs, right elbow, right arm, right shoulder, and right hip to strike the hood and windshield.

**22.** The inertia of the impact then threw Plaintiff Hanson to the pavement, where she landed on her back and tailbone and slid across the ground.

**23.** Defendant Young briefly stopped near the scene of the collision and, without prompting, admitted to Plaintiff Hanson that he did not see her, and that his backseat passenger had seen her before he did.

**24.** After briefly stopping and speaking with Plaintiff Hanson, and while Plaintiff Hanson lay injured in the roadway, Defendant Young returned to his vehicle and departed the scene in order to complete his Uber-dispatched fare, without complying with his legal duties to remain at the scene, render aid, and report the accident as required by Colorado law.

**25.** Plaintiff Hanson called for medical assistance and reported the collision to the Denver Police Department.

**26.** The Denver Police Department responded to the scene and investigated the collision. It was only after the Denver Police Department contacted Defendant Young and directed him to return to the scene that he did so.

**27.** Defendant Young operated his vehicle in a negligent manner, which was the direct and proximate cause of the collision and of Plaintiff Hanson's injuries, damages, and losses.

**28.** As a direct and proximate result of Defendant Young's negligence, Plaintiff Hanson sustained the following injuries, damages, and losses, in amounts to be proven at trial, including but not limited to:

a. Fracture of her right shoulder blade (scapula), including a free-floating bone fragment requiring surgical repair;

b. Damage to the ligaments, tendons, and muscles of her right shoulder and rotator cuff;

c. Hip injuries;

d. Cuts, bruising, and abrasions to her elbow, legs, back, and arms;

e. Permanent scarring and disfigurement, including from surgical repair;

EXHIBIT A

f. Past, present, and future medical, hospital, surgical, rehabilitative, and related expenses;

g. Past, present, and future pain and suffering;

h. Past, present, and future emotional distress;

i. Past, present, and future loss of enjoyment of life;

j. Past, present, and future physical impairment;

k. Past, present, and future loss of earnings and loss of earning capacity;

l. Loss of household services; and

m. Other out-of-pocket and incidental expenses to be proven at trial.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF

**(Negligence as to Defendant Young)**

**29.** Plaintiff incorporates by reference each and every preceding allegation of this Complaint as though fully set forth herein.

**30.** Defendant Young owed a duty to Plaintiff Hanson and to other pedestrians to exercise reasonable care in the operation of his motor vehicle, including the duty to keep a proper lookout, to operate his vehicle in a safe and prudent manner, and to observe and yield to pedestrians lawfully present in crosswalks.

**31.** Defendant Young breached his duty of care by, among other things, failing to keep a proper lookout, failing to observe Plaintiff Hanson lawfully crossing in the crosswalk, failing to yield, and striking her with his vehicle.

**32.** Defendant Young's breach of his duty of care was the direct and proximate cause of Plaintiff Hanson's injuries, damages, and losses as set forth above.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF

**(Negligence Per Se as to Defendant Young)**

**33.** Plaintiff incorporates by reference each and every preceding allegation of this Complaint as though fully set forth herein.

**34.** At all times mentioned herein, the State of Colorado and the City and County of Denver had in effect statutes, ordinances, regulations, and codes governing the operation of motor vehicles and protecting pedestrians.

**35.** Plaintiff Hanson is a member of the class of persons for whose protection the aforementioned statutes, ordinances, regulations, and codes were enacted or promulgated, and her injuries are of the type that those statutes, ordinances, regulations, and codes were intended to prevent.

**36.** Defendant Young violated the aforementioned statutes, ordinances, regulations, and codes, including but not limited to: C.R.S. § 42-4-802 (Pedestrians' Right-of-Way in Crosswalks); C.R.S. § 42-4-1402(2)(b) (Careless Driving Resulting in Bodily Injury); C.R.S. § 42-4-1601 (Accidents Involving Death or Personal Injuries—Duties); and C.R.S. § 42-4-1603 (Duty to Give Notice, Information, and Aid).

**37.** Defendant Young's violations of the aforementioned statutes, ordinances, regulations, and codes were the direct and proximate cause of Plaintiff Hanson's injuries, damages, and losses, against which those statutes, ordinances, regulations, and codes were intended to protect.

**38.** As a direct and proximate result of Defendant Young's negligence per se, Plaintiff Hanson has suffered the injuries, damages, and losses set forth above.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF

**(Respondeat Superior as to Defendants Rasier, LLC and Uber Technologies, Inc.)**

**39.** Plaintiff incorporates by reference each and every preceding allegation of this Complaint as though fully set forth herein.

**40.** At all times relevant hereto, Defendant Young was an employee, agent, apparent agent, ostensible agent, statutory employee, and/or independent contractor of Defendant Rasier.

**41.** At all times relevant hereto, Defendant Young was an employee, agent, apparent agent, ostensible agent, statutory employee, and/or independent contractor of Defendant Uber.

**42.** At all times relevant hereto, Defendant Young was acting within the course and scope of his employment, agency, and/or relationship with Defendant Rasier, and was engaged in the furtherance of Defendant Rasier's business while transporting a paying Uber passenger on an active trip.

**43.** At all times relevant hereto, Defendant Young was acting within the course and scope of his employment, agency, and/or relationship with Defendant Uber, and was engaged in the furtherance of Defendant Uber's business while transporting a paying Uber passenger on an active trip.

**44.** As transportation network companies transporting a fare-paying passenger at the time of the collision, Defendants Rasier and Uber owed the highest degree of care consistent with the practical operation of their business to members of the public, including Plaintiff Hanson.

**45.** Defendants Rasier and Uber are vicariously liable as employers, principals, and/or masters for the negligent acts, omissions, and conduct of their employees, agents, and/or representatives, including Defendant Young.

**46.** The negligent acts, omissions, and conduct of Defendant Young, while acting within the course and scope of his employment, agency, and/or relationship with Defendants Rasier and Uber, were a direct and proximate cause of Plaintiff Hanson's injuries, damages, and losses.

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF

**(Negligent Design and Operation of the Uber Platform as to Defendants Rasier, LLC and Uber Technologies, Inc.)**

**47.** Plaintiff incorporates by reference each and every preceding allegation of this Complaint as though fully set forth herein.

**48.** At all times relevant hereto, Defendants Rasier and Uber, as transportation network companies, owed an independent duty of care to Plaintiff Hanson and to other members of

the public who could foreseeably be injured by drivers operating on their digital platform while engaged on active trips.

**49.** Upon information and belief, Defendants Rasier and Uber design, operate, control, and update the Uber Driver application and associated digital platform, including its visual interface, audible alerts, navigation prompts, trip-acceptance and trip-completion workflows, driver-rating systems, and financial-incentive structures.

**50.** Upon information and belief, Defendants Rasier and Uber breached their independent duty of care by negligently designing, operating, maintaining, and updating the Uber Driver application and digital platform in ways that create foreseeable and unreasonable risks of harm to pedestrians and other members of the public, including but not limited to:

a. Designing the Uber Driver application to deliver visual, auditory, and haptic prompts and notifications to drivers while those drivers are actively operating motor vehicles in traffic, thereby foreseeably distracting drivers from the roadway;

b. Designing and integrating turn-by-turn navigation features that direct drivers' attention to in-app screens and prompts at intersections and other locations of heightened pedestrian risk;

c. Designing fare-completion, trip-time, acceptance-rate, and rating-based financial incentive structures that foreseeably encourage and reward drivers for prioritizing the timely completion of fares over compliance with traffic laws and over the safety of pedestrians;

d. Designing trip-completion workflows and incentives that foreseeably encourage drivers to leave the scene of collisions in order to complete active fares, rather than remain at the scene, render aid, and comply with their legal duties under Colorado law;

e. Failing to implement reasonable in-app safeguards—including but not limited to lockouts, motion-based limitations, mandatory stop protocols following collision-indicative events, and unambiguous stay-at-scene instructions—to mitigate the foreseeable risks created by the platform's design; and

f. Failing to adequately warn or instruct drivers using the platform of the risks created by in-app distractions and incentive structures.

**51.** The foregoing breaches of Defendants Rasier's and Uber's independent duty of care were a direct and proximate cause of the collision, of Defendant Young's departure from the scene, and of Plaintiff Hanson's injuries, damages, and losses as set forth above.

**WHEREFORE,** Plaintiff Ariel Rae Michaiah Hanson respectfully prays for judgment in her favor and against Defendants Delane D. Young, Rasier, LLC, and Uber Technologies, Inc., jointly and severally, in an amount to be proven at trial that exceeds the jurisdictional minimum of this Court, including: past and future economic, non-economic, and physical impairment damages; past and future medical, hospital, surgical, rehabilitative, and related expenses; loss of past and future earnings and earning capacity; loss of household services; physical and mental pain and suffering; inconvenience; loss of enjoyment of life; emotional distress; and permanent physical impairment, scarring, and disfigurement.

EXHIBIT A

Plaintiff further requests pre-judgment interest from the date of the incident and post-judgment interest pursuant to C.R.S. § 13-21-101 and other applicable law; expert witness fees; costs of suit; and such further and additional relief as the Court deems just and proper.

Plaintiff reserves the right to amend this Complaint to assert a claim for exemplary damages pursuant to C.R.S. § 13-21-102 upon the establishment of prima facie proof of a triable issue.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated: May 5, 2026

Respectfully Submitted,
*By: /s/ Daniel H. Kyser*____________
Daniel H. Kyser, Atty. Reg. No. 39221
*LAW OFFICE OF DANIEL H. KYSER, L.L.C.*
5950 South Willow Drive, Suite 250
Greenwood Village, CO 80111
Phone: (303) 831-6111
Email: dan@kyserlaw.com
*Attorney for Plaintiff*

**Plaintiff's Address:**
Ariel Rae Michaiah Hanson
4572 Cedar Lake Road
St. Louis Park, MN 55416